

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00397-CR
No. 02-24-00398-CR

_____

SUSAN CHANNELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court Nos. 1791890, 1791891

Before Birdwell, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In two cases, Appellant Susan Channell pleaded guilty to the trial court without a plea bargain to burglary of a habitation, a second-degree felony. *See* Tex. Penal Code Ann. § 30.02(a), (c)(2). At the conclusion of her punishment hearing, the trial court sentenced her to concurrent three-year sentences. *See id.* § 12.33 (stating second-degree felony punishment range of 2 to 20 years' confinement and up to a $10,000 fine). The judgment in each case contains the trial court's special finding: "Reimbursement fees in the amount of $75.00 and court costs in the amount of $290.00 to be credited for time served." *See* Tex. Code Crim. Proc. Ann. art. 43.09; *see also id.* art. 43.015(3) (explaining that "cost" in a judgment "includes any fee, including a reimbursement fee, imposed on a defendant by the court").

Channell's appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*,[1] representing that the record "reveals no ground that could be argued non-frivolously on appeal." Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

Channell did not seek access to the appellate record and did not file a pro se response to the *Anders* brief. The State did not file a response but noted in a letter to this court that it agreed with appointed counsel's determination that there were no meritorious grounds for appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for our correction to the bill of costs in each case, addressed below, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court's judgments reflect that it gave Channell credit for time served for her court costs and reimbursement fees. *See* Tex. Code Crim. Proc. Ann. art. 43.09. In each case, however, the bill of costs shows that Channell owes $75 in reimbursement fees. We correct the bill of costs to match the judgments, *see Bray v.*

3

*State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc), grant counsel's motion to withdraw, and affirm the trial court's judgments.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 7, 2025